Ronaldo QUINONEZ–COLOP, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 01–71897.
I & NS No. A70 803 772.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2003.*
Decided April 17, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Before PREGERSON, REINHARDT and ARCHER,** Circuit Judges.

MEMORANDUM ***

Ronaldo Quinonez–Colop ("Quinonez–Colop"), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("Board") decision denying his application for asylum and withholding of deportation. Quinonez–Colop also seeks to be "repapered." Quinonez–Colop contends that substantial evidence does not support the Board's finding that he did not establish past persecution or a well-founded fear of future persecution "on account of" his political opinion. Because the record does not show that Quinonez–Colop's alleged persecution was "on account of" a political belief, we affirm the Board's dismissal of the asylum and withholding application.

To be eligible for asylum, an applicant must show that he is "unwilling or unable" to return to his home country "because of persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *See INS v. Elias–Zacarias*, 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1991).

■ Quinonez–Colop argues that he was eligible for asylum on account of an imputed political opinion—the political opinion of neutrality towards the guerrillas in Guatemala. Thus, in order for him to establish eligibility for asylum, Quinonez–Colop must demonstrate that he was persecuted or had a well-founded fear of future persecution based on his political neutrality. Even accepting Quinonez–Colop's claim of imputed political opinion as true, his claim for asylum must fail, because substantial evidence supports the Board's finding that "there was no basis for concluding that the guerillas were interested in persecuting the applicant because his political beliefs were antithetical to theirs." *In re Quinonez–Colop*, A70 803 772 at 2 (Bd.Imm.Ap. Nov. 29, 2001).

■ Quinonez–Colop also requests that he be "repapered." Section 309(c)(3) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") grants the Attorney General the discretion "to terminate [deportation] proceedings in which there has not been a final administrative decision and to reinitiate [removal] proceedings under [IIRIRA]." Pub. Law No. 104–208, 110 Stat 3009 (1996). This procedure is commonly referred to as "repapering." As the Board indicated, Quinonez–Colop does not qualify for repapering, because that procedure applies to respondents in deportation or removal proceedings, and Quinonez was placed in an exclusion proceeding. *See In re G–A–C*, Interim Dec. (BIA 1998).

Therefore, the Board's decision is affirmed.

PETITION DENIED.

** The Honorable Glenn L. Archer, Jr., Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

*** This Disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R.36–3.